Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Moonbug Entertainment Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED, <br><br> *Plaintiff* <br><br> v. <br><br> AIJIMICHUANGYI, ARRET, AUTBYWQ, BLIIY, CATWALKK, CHENCHANGYINGDEBEIMEIDIANPU, CHUZHUO, CX-GAME, DENASSY US, DOG DOG PARTY, ESEHOYO, FINESTORE168, FUNNY PARTY STORE, HUANCAIDP, JOYPARTY-US, LUCKTIME, NIUIYIYI, NLUS DIRECT, READIGO, SUNNY US STORE, XBLUE, XIN-STORE, YOUDABB, YUEXIAODP, YURDOOP, YUYUANB, ZHANGJIJUN, ZHANGXIUFANGDIANPU and 通山县郝春敏商贸有限公司 a/k/a TONGSHAN COUNTY HAO CHUNMIN TRADING CO., LTD., <br><br> *Defendants* | CIVIL ACTION NO. <br> 22-cv-7933 (AKH) <br><br> [~~PROPOSED~~] <br> FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| Plaintiff | Moonbug Entertainment Limited | N/A |
| Defendants | aijimichuangyi, Arret, AUTBYWQ, CatWalkk, chenchangyingdebeimeidianpu, chuzhuo, CX-Game, Denassy US, Dog Dog party, Esehoyo, Finestore168, Funny Party Store, HuancaiDp, JoyParty-US, LuckTime, NIUIYIYI, NLUS Direct, READIGO, Sunny US store, Xblue, xin-store, YOUDABB, YUEXIAODP, YuRDOOP, YUYUANB, zhangjijun, zhangxiufangdianpu and 通山县郝春敏商贸有限公司 a/k/a Tongshan County Hao Chunmin Trading Co., Ltd. | N/A |
| Defaulting Defendants | aijimichuangyi, Arret, AUTBYWQ, CatWalkk, chenchangyingdebeimeidianpu, chuzhuo, CX-Game, Denassy US, Dog Dog party, Esehoyo, Finestore168, Funny Party Store, HuancaiDp, JoyParty-US, LuckTime, NIUIYIYI, NLUS Direct, Sunny US store, Xblue, xin-store, YOUDABB, YUEXIAODP, YuRDOOP, YUYUANB, zhangjijun, zhangxiufangdianpu and 通山县郝春敏商贸有限公司 a/k/a Tongshan County Hao Chunmin Trading Co., Ltd. | N/A |
| Amazon | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| Sealing Order | Order to Seal File entered on September 14, 2022 | 1 |
| Complaint | Plaintiff's Complaint filed on September 16, 2022 | 8 |
| Epstein Drangel | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| New York Address | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| TRO Application | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order | 11, 14-16 |

i

| | | |
|---|---|---|
| | authorizing expedited discovery filed on September 16, 2022 | |
| **Miller Dec.** | Declaration of Robert Miller in Support of Plaintiff's Application | 16 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 15 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on March 7, 2023 | 17 |
| **Blippi** | A fun, energetic entertainer known for his goofy mannerisms, signature blue and orange outfit and educational videos | N/A |
| **Blippi Content** | Interactive videos exploring the world through the eyes of a child while teaching them valuable skills such as counting, learning colors and much more | N/A |
| **Blippi Registrations** | U.S. Trademark Registration Nos.: 5,333,930 for "BLIPPI" for a variety of goods in Class 28; 5,335,209 for "BLIPPI" for a variety of goods in Class 25 and 6,495,654 for " " for goods in Classes 9, 16, 25, 28 and 41 | N/A |
| **Blippi Application** | U.S. Trademark Serial Application No. 88/553,924 for "BLIPPI", for goods in Classes 18, 20, 21, 24 and 27 | N/A |
| **Blippi Marks** | The marks covered by the Blippi Registrations and the Blippi Application | N/A |
| **Blippi Products** | A variety of consumer products, such as t-shirts, backpacks and other gear | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Blippi Marks, and/or products in packaging and/or containing labels bearing the Blippi Marks, and/or bearing or used in connection with marks that are confusingly similar to the Blippi Marks and/or products that are identical or confusingly similar to the Blippi Marks | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional | N/A |

| | online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | |
|---|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on December 8, 2025 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Blippi Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.     Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff as to the First and Second Causes of Action pleaded in the Complaint (trademark counterfeiting and trademark infringement).

## II.     Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand U.S. Dollars ($50,000.00) in statutory damages against each of twenty-seven (27) Defaulting Defendants:

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

aijimichuangyi, Arret, AUTBYWQ, CatWalkk, chenchangyingdebeimeidianpu, chuzhuo, CX-Game, Denassy US, Dog Dog party, Esehoyo, Finestore168, Funny Party Store, HuancaiDp, JoyParty-US, LuckTime, NIUIYIYI, NLUS Direct, Sunny US store, Xblue, xin-store, YOUDABB, YUEXIAODP, YuRDOOP, YUYUANB, zhangjijun, zhangxiufangdianpu and 通山县郝春敏商贸有限公司 a/k/a Tongshan County Hao Chunmin Trading Co., Ltd. pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

A.  manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Blippi Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Blippi Marks;

B.  directly or indirectly infringing in any manner Plaintiff's Blippi Marks;

C.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Blippi Marks to identify any goods or services not authorized by Plaintiff;

D.  using Plaintiff's Blippi Marks or any other marks that are confusingly similar to the Blippi Marks on or in connection with Defendants' manufacturing, importing,

2

exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all

3

packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks or other rights including, without limitation, the Blippi Marks, or bear any marks that are confusingly similar to the Blippi Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts; and

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts;

   C. knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A)-(G), through III(3)(A)-(B) above and III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation,

4

continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A)-III(1)(G), and III(3)(A)-(B) and III(4)(A) above.

### IV.    Dissolution of Rule 62(a) Stay and Asset Turnover Motion

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed.

### V.    Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4)   This Court shall retain jurisdiction over this matter and the parties in order to construe and

enforce this Order.

**SO ORDERED.**

SIGNED this ___ day of _____, 202_, at ___:___ _.m.

HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

6